UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASSIEL ALBERTO SARMIENTO RUIZ,

Petitioner,

v.

NORBIL VASQUEZ et al.,

Respondents.

Case No. 1:26-cv-2631

Honorable Jane M. Beckering

# **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## **Discussion**

### **I. Procedural History**

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner or, in the alternative, ordering Respondent to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.7.) In an order entered on September 24, 2026, the Court directed Respondent to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondent filed a response on September 29, 2026. (ECF No. 6.)

## II. Factual Background

Petitioner is a native and citizen of Mexico. (Notice to Appear (NTA), ECF No. 6-1, PageID.28.) Petitioner was admitted to the United States on or about January 14, 2014, as a lawful permanent resident. (*Id.*)

On February 1, 2018, Petitioner was convicted of the offense of possession of marijuana. (*Id.*; Court of Common Pleas Docket, ECF No. 6-2, PageID.32.)

On or about February 7, 2025, Petitioner arrived at the George Bush Intercontinental Airport in Houston, Texas, and applied for admission as a returning lawful permanent resident. (*Id.*) However, Petitioner's inspection was deferred to the Baltimore/Washington Thurgood Marshall International Airport for an admissibility determination on March 6, 2025. (*Id.*; Order to Appear Deferred Inspection, ECF No. 6-5, PageID.53.)

On March 6, 2025, Department of Homeland Security (DHS) arrested Petitioner. (Warrant for Arrest, ECF No. 6-6, PageID.57.) DHS charged Petitioner as subject to removal under § 237(a)(2)(A)(ii) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant who was convicted of an offense relating to a controlled substance. (NTA, ECF No. 6-1, PageID.28.)

On August 22, 2025, the Annandale Immigration Court ordered Petitioner removed to Mexico. (Removal Order, ECF No. 6-11, PageID.70–72.) Petitioner filed an appeal of that order, which remains pending. (Filing Receipt for Appeal, ECF No. 6-12, PageID.75.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of

the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Analysis

Petitioner has been in ICE custody since March 6, 2025. (Warrant for Arrest, ECF No. 6-6, PageID.57.) Petitioner argues that although his initial detention was mandatory pursuant to 8 U.S.C. § 1226(c), his continued mandatory detention for a prolonged period of time without an individualized bond hearing violates the Fifth Amendment's Due Process Clause.

### A. As-Applied Challenge Under the Due Process Clause

First, for the same reasons set forth in detail in *Khalil v. Lynch*, No. 1:26-cv-2426, 2026 WL 3268372 (W.D. Mich. Oct. 30, 2026), the Court concludes that a noncitizen detained under the INA's mandatory detention provisions may bring an as-applied challenge under the Due Process Clause to the noncitizen's prolonged detention. Further, because the Court concludes that a noncitizen detained under the INA's mandatory detention provisions may bring an as-applied challenge regarding the noncitizen's prolonged detention, the Court also concludes that, although a noncitizen detained under the INA's mandatory detention provisions is not initially entitled to a bond hearing, the noncitizen's unreasonably prolonged detention under the INA's mandatory detention provisions without a bond hearing can violate the Due Process Clause. Having concluded that unreasonably prolonged detention under the INA's mandatory detention provisions without a bond hearing can violate the Due Process Clause, the Court applies the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine whether Petitioner's detention has become unreasonably prolonged, and if it has, to determine the process that Petitioner is due.

**B. *Mathews v. Eldridge* Balancing Test**

The Sixth Circuit has held that the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), regarding the adequacy of process, applies in the context of immigration detention. *See, e.g.*, *United States v. Silvestre-Gregorio*, 983 F.3d 848, 852–56 (6th Cir. 2020) ("If this court has previously addressed the due-process claim, then we are bound by precedent; if the claim is an issue of first impression, then we generally apply the three-factor test the Supreme Court set out in *Mathews v. Eldridge*."). Therefore, in determining whether Petitioner's detention has become unreasonable, the Court must consider the following three factors: "(1) the private interest that will be affected by official action; (2) the risk of erroneous deprivation of that interest; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures entail." *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025), *aff'd,* 175 F.4th 713 (6th Cir. 2026) (citing *Mathews*, 424 U.S. at 335); *see also Black*, 103 F.4th at 145–146 (applying *Matthews* to a due process challenge to prolonged mandatory detention).

The first *Mathews* factor weighs in favor of Petitioner. Petitioner has a substantial private interest in being provided with the opportunity to argue for his release at a bond hearing in Immigration Court because one of the "most elemental of liberty interests" is to be free from detention. *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004) (citation omitted). Here, Petitioner has been detained for nearly 19 months, far longer from the presumptively unreasonable detention in *Zadvydas*, 533 U.S. at 701, and nearly ten times as long as the expected duration of detention during removal proceedings discussed in *Demore*, 538 U.S. at 530. Further, based on the record before this Court, it appears that Petitioner's detention is essentially indefinite at this point because Petitioner's appeal of his removal order to the BIA is currently pending, with no indication of when it will be resolved. Even assuming that Petitioner's appeal is denied, Petitioner is entitled to

contest that decision before the Sixth Circuit, which could add months if not years to Petitioner's detention.

Moreover, Petitioner was a lawful permanent resident. Although Petitioner has been charged as subject to removal, that does not remove Petitioner's connections to this country for due process purposes. *See Landon v. Plasencia*, 459 U.S. 21, 25 (1982) (recognizing that a lawful permanent resident's interest "is, without question, a weighty one").

Additionally, under this first factor, the Court may consider Petitioner's conditions of confinement, i.e., "whether a detainee is held in conditions indistinguishable from criminal incarceration." *See Günaydin v. Trump*, 784 F. Supp. 3d 1175, 1187 (D. Minn. 2025) (citing *Hernandez-Lara v. Lyons*, 10 F.4th 19, 28 (1st Cir. 2021); *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020)). Here, there is nothing to suggest that the conditions under with Petitioner is held differ from criminal incarceration in any meaningful respect. There can be no doubt that Petitioner is "experiencing [many of] the deprivations of incarceration, including loss of contact with friends and family, loss of income earning, . . . lack of privacy, and, most fundamentally, the lack of freedom of movement." *See Günaydin*, 784 F. Supp. 3d at 1187.

The second *Mathews* factor also weighs in Petitioner's favor. Civil immigration detention is "nonpunitive in purpose and effect," and is not justified where a petitioner is not a flight risk or a danger to the community. *Zadvydas*, 533 U.S. at 690. As discussed above, in *Demore*, the Supreme Court noted that § 1226(c) stemmed from Congress' concern with the immigration authorities' "wholesale failure" to "deal with the increasing rates of criminal activity by aliens." 538 U.S. at 518. Section 1226(c) was intended to remedy this perceived problem by ensuring that aliens convicted of certain crimes would be present at their removal proceedings and would not pose a danger to their communities. *Demore,* 538 U.S. at 519 (Kennedy, J., concurring). However,

an individualized bond hearing does not guarantee the release; it merely ensures that an immigration judge can assess whether Petitioner continues to pose a flight risk or a danger to the community that cannot be mitigated by conditions on bond, reducing the risk that Petitioner will suffer an "erroneous deprivation" of his rights. *See Lopez-Campos*, 2025 WL 2496379, at *9.

The Court recognizes that the Government "does, indeed, have a legitimate interest in ensuring noncitizens' appearance at removal proceedings and preventing harms to the community." *See Sampiao v. Hyde*, No. 1:25-cv-11981-JEK, 2025 WL 2607924, at *12 (D. Mass. Sep. 9, 2025) (citation omitted). However, Respondent has not established a significant interest in "detaining someone who [could convince] a neutral adjudicator, following a hearing and assessment of the evidence, that his ongoing detention is not warranted." *See id.* Furthermore, Respondent has not established that an individualized hearing would impose significant "administrative or financial costs" in this case—"[t]o the contrary," Respondent's position "requires the government to continue funding and overseeing [Petitioner's] detention[.]" *See id.*

Therefore, in sum, the Court's balancing of the *Mathews* factors weighs in Petitioner's favor. Accordingly, the Court concludes that Petitioner's mandatory detention for nearly 19 months without an individualized determination as to danger or flight risk violates Petitioner's Fifth Amendment due process rights, and Petitioner is entitled to a bond hearing before the Immigration Court.

**V. Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will order

Respondent to provide Petitioner with a bond hearing within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[1] The Court will also order Respondent to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: November 5, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

---

[1] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.